Siriki SACKO, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–0281–ag.

United States Court of Appeals, Second Circuit.

Dec. 15, 2008.

Ronald S. Salomon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mary Jane Candaux, Assistant Director, Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, PIERRE N. LEVAL, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Siriki Sacko, a native and citizen of the Ivory Coast, seeks review of a December 19, 2007 order of the BIA, affirming the February 3, 2006 decision of Immigration Judge ("IJ") George T. Chew, which denied Sacko's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Siriki Sacko,* No. A98 648 192 (B.I.A. Dec. 19, 2007), *aff'g* No. A98 648 192 (Immig. Ct. N.Y. City Feb. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision directly. *Jian Hui Shao v. B.I.A.,* 465 F.3d 497, 500 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence stan-

dard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

We find that substantial evidence supports the IJ's adverse credibility determination. The IJ correctly noted numerous discrepancies between Sacko's testimony and other evidence in the record, including his asylum applications. First, the IJ correctly found that, while Sacko asserted in each of his asylum applications that a mob of people broke into his father's store and killed his parents in September 2002, he stated in both direct and cross examination that the incident occurred in February 2002. Given that the crux of his asylum claim was his allegation that a mob of people attacked and killed his parents in September 2002 and that a different mob of people came to his home either one or three days later and attacked him and his siblings, this seven-month discrepancy bore a legitimate nexus to and undermined the very basis of his claim. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir.2008) (holding that a discrepancy in the date that a petitioner joined his political party bore a "close and legitimate relationship" to the petitioner's asylum application); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) (citation omitted).[1]

Moreover, the time period relevant to Sacko's claim, beginning with the attack on his parents and ending with his flight from the Ivory Coast, is very short. In his affidavit accompanying his second asylum application, Sacko stated that the attack on his parents and his flight from the Ivory Coast occurred within the span of one week, making the seven-month discrepancy in the dates he gave for the attack even more significant. *See Alvarado–Carillo v. INS*, 251 F.3d 44, 51 (2d Cir.2001). When asked to explain this discrepancy, Sacko stated that the incident occurred in February 2002 and that he might have made a mistake in entering the month on both of his asylum applications. Although his explanation is plausible, because a reasonable factfinder would not be compelled to credit it, the IJ need not have done so. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ's adverse credibility determination also rested partly on the fact that Sacko did not know what the acronym "RDR" stood for and was unable to identify it as meaning "Rally for Republicans." In light of Sacko's testimony that his whole family supported the RDR, that his father's store functioned as an "unofficial office" of the RDR where political meetings were held, and that it was his family's RDR-related activities that made them a target for persecution, it was proper for the IJ to point to Sacko's lack of knowledge about the meaning of "RDR" as a factor undermining his credibility. *Cf. Rizal v. Gonzales*, 442 F.3d 84, 90–91 (2d Cir.2006).

We do not address the IJ's other credibility findings because the discrepancies we have identified, when considered cumulatively, served to undermine Sacko's asylum claim to such an extent that a reasonable factfinder would not be compelled to conclude to the contrary. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). Because the only evidence of a threat to Sacko's life or freedom depended upon his credibility, the adverse credibility determi-

---

1. Because Sacko's asylum application was filed prior to May 11, 2005, the provisions of the REAL ID Act do not apply and *Secaida–* *Rosales* remains good law. *Cf. Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–67 (2d Cir.2008).

nation as to his asylum claim necessarily precludes success on his claim for withholding of removal, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Further, we are without jurisdiction to review Sacko's argument that he merits CAT relief; as the government correctly observes, Sacko failed to raise this argument before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 117–19 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).